UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID PAYNE,
an individual,

      Plaintiff,                                 FILE NO.: 1:18-cv-

v

BENTELER AUTOMOTIVE CORPORATION,
a corporation,

      Defendant.

WILLIAM F. PIPER, PLC
William F. Piper (P38636)
Attorney for Plaintiff
1611 W. Centre Avenue,   Suite 209
Portage, MI 49024
(269) 321-5008
wpiper@wpiperlaw.com

## **COMPLAINT**

The plaintiff David Payne, by and through his attorney William F. Piper, PLC, for his complaint, states as follows:

## **JURISDICTIONAL ALLEGATIONS**

1. The plaintiff David Payne is a white man who resided in the County of Kalamazoo, State of Michigan, at all times relevant to this complaint.

2. The defendant Benteler Automotive Corporation is a corporation that did business in the County of Kalamazoo at all times relevant to this complaint.

3. This lawsuit arises out of Mr. Payne's employment by the defendant and its termination of that employment by it on May 4, 2018.

1

4. Jurisdiction arises under 28 USC § 1331 and 28 U.S.C. §1337, as Mr. Chapman's lawsuit arises in part under the Age Discrimination in Employment Act, 29 USC § 621 et. seq., and 42 USC § 1981.

5. Claims in this lawsuit arise under this court's supplemental jurisdiction to hear and decide state law claims arising out of the same transactions and occurrences as the federal law claims.

## COMMON ALLEGATIONS

6. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-5 of this Complaint.

7. The defendant hired Mr. Payne, who was born in December 1956 in the United States, in 1992.

8. Mr. Payne worked continuously for the defendant from the date of his hire to May 2018.

9. At all times that he worked for the defendant, Mr. Payne did a good job for it, and his last performance reviews were very good.

10. On May 4, 2018 the defendant terminated Mr. Chapman's employment, calling it a lay off.

11. The defendant, to replace Mr. Payne and numerous other older individuals that it had terminated at the same time as Mr. Payne, hired numerous workers from a temporary agency.

12. The defendant also retained numerous newly hired Burmese employees, who were all substantially younger, upon information and belief.

13. The defendant also retained numerous substantially younger employees who had substantially less seniority than did Mr. Payne and most of the other older individuals selected for termination, upon information and belief.

14. The reason given for terminating Mr. Payne rather than the substantially younger people and the Burmese people was a pretext for age, race and national origin discrimination.

15. As a result of the termination set forth above, Mr. Payne has suffered and will continue to suffer a loss of income and benefits, emotional distress, a loss of enjoyment of life, and other consequential damages.

## COUNT I- AGE DISCRIMINATION

16. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-15 of this Complaint.

17. But for his age, the defendant would not have terminated Mr. Payne's employment.

18. As a result of the unlawful termination set forth above, the plaintiff suffered and will continue to suffer the damages set forth above.

19. This claim is actionable under the Age Discrimination in Employment Act, 29 USC § 621 et. seq., and the Elliott-Larsen Civil Rights Act, MCL 37.2101 et. seq.

**WHEREFORE**, the plaintiff requests a Judgment against the defendant that would include appropriate equitable relief, including reinstatement or front pay; appropriate legal relief, including compensation for his loss of income and benefits and compensation for all non-economic damages that he suffered in the past and that he will continue to suffer in the future; all liquidated damages recoverable under 29 USC § 626(b); and all recoverable interest, costs, attorney's fees and any other relief this Court deems fair and just.

## **COUNT II – RACE AND NATIONAL ORIGIN DISCRIMINATION**

20. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-19 of this Complaint.

21. The defendant terminated Mr. Payne in part because of his race and national origin.

22. As a result of the unlawful termination set forth above, the plaintiff suffered and will continue to suffer the damages set forth above.

23. This claim is actionable under 42 USC §1981 and the Elliott-Larsen Civil Rights Act, MCL 37.2101 et. seq.

WHEREFORE, the plaintiff requests a Judgment against the defendant that world include back pay; reinstatement in an appropriate position and other equitable relief, including front pay; punitive damages, compensation for all non-economic damages and other damages, costs, interest, attorney's fees under 42 USC §1988 and the Elliott-Larsen Civil Rights Act, and any other relief this Court deems fair and just.

Dated: November 12, 2018        WILLIAM F. PIPER, PLC.
                                Attorney for Plaintiff


                                By:   /s/ William F. Piper
                                      William F. Piper (P38636)
                                BUSINESS ADDRESS:
                                      1611 W. Centre Avenue, Suite 209
                                      Portage, MI 49024
                                      (269) 321-5008