# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

100 EAST FIFTH STREET, ROOM 540

Deborah S. Hunt                   POTTER STEWART U.S. COURTHOUSE                 Tel. (513) 564-7000
Clerk                             CINCINNATI, OHIO 45202-3988                    www.ca6.uscourts.gov

Filed:  May 25, 2022

Mr. Phillip J. DeRosier
Ms. Angelina Rose Delmastro
Dickinson Wright
500 Woodward Avenue, Suite 4000
Detroit, MI 48226-3425

Ms. Christina K. McDonald
Dickinson Wright
200 Ottawa Avenue, N.W., Suite 1000
Grand Rapids, MI 49503

Mr. William Frank Piper II
1611 W. Centre Avenue, Suite 209
Portage, MI 49024

Re:  Case No. 21-1238, *David Payne v. Benteler Automotive Corp.*
Originating Case No. : 1:18-cv-01266

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc:  Mr. Thomas Dorwin

Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0207n.06

No. 21-1238

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

<table>
<tr>
<td>DAVID PAYNE, an individual,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>BENTELER AUTOMOTIVE CORP., a<br>corporation,<br><br>    Defendant-Appellee.</td>
<td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td>
<td>
**FILED**<br>May 25, 2022<br>DEBORAH S. HUNT, Clerk
<br>ON  APPEAL  FROM  THE<br>UNITED  STATES  DISTRICT<br>COURT  FOR  THE  EASTERN<br>DISTRICT OF MICHIGAN<br><br>OPINION</td>
</tr>
</table>

Before:  SUHRHEINRICH, MOORE, and CLAY, Circuit Judges.

**CLAY, Circuit Judge.**  Plaintiff David Payne appeals the district court's grant of summary judgment on all claims in favor of his employer, Benteler Automotive Corporation ("Benteler"), alleging his termination during a reduction in force constituted age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2101, *et seq.*, as well as alleged reverse race discrimination in violation of the Civil Rights Act, 42 U.S.C. § 1981, and the ELCRA.  For the reasons set forth below, we **AFFIRM**.

## I. BACKGROUND

Benteler manufactures metal automotive products in its plants in Goshen, Indiana; Grand Rapids, Galesburg, and Holland, Michigan; and Duncan, South Carolina.  In February 2000, Benteler's Galesburg, Michigan plant hired Plaintiff David Payne as a welder, and later employed

No. 21-1238, *Payne v. Benteler Auto. Corp.*

him as a machine operator.  Payne "identifies as a white, American man."  (Joint Statement of Material Facts, R. 47, Page ID #165.)

The Galesburg plant had employed hundreds of workers; but in early 2018, two major projects were scheduled to end.  Benteler had been manufacturing parts for the Ford Focus and GM Sonic, which were both being discontinued.  It had secured new projects to replace the lost work, but the new projects were not slated to begin until the summer of 2019.  Anticipating that the prosperous times at Benteler were coming into a rough patch, Galesburg Plant Manager Guido Paffhausen directed Human Resources Manager Jennifer Piotrowicz to prepare for a reduction in force ("RIF").  Although Paffhausen did not know specifically how many of Galesburg's 320 employees would be terminated, it was clear positions needed to be eliminated.

Piotrowicz, Production Unit Leaders Joan Talbot and Larry Jackson, and Human Resources Generalist Casondra Meerschaert began the process of reviewing the plant's employees to make the difficult decision of deciding who to let go.  In evaluating the employees, Paffhousen directed Piotrowicz to consider the employees' "quality counselings, . . . attendance, safety counselings, [and] attitude."  (Piotrowicz Dep., R. 48-7, Page ID #419.)  Piotrowicz admits that she did not consider all historical employee records.

A review of Payne's job performance provided a mixed picture.  Although as of May 4, 2018, he had no issues with attendence, his 2017 performance review indicated that "David only does what he is instructed to.  David needs to apply himself more with work. . . . David needs to work on meeting cycle times on the cells that he is running.  Also when his cell is down he needs to notify his Team leader in a timely manner. . . . David needs to work on his Team work [sic].  When his cell is down he will only help others if he is instructed to do

No. 21-1238, *Payne v. Benteler Auto. Corp.*

so."  (Payne Performance Appraisal, R. 48-4, Page ID #351.)  Payne was consistently rated as an average employee.

Piotrowicz finalized a list of employees she believed should be terminated and presented the names to a management team.  On May 4, 2018, Benteler notified Payne he was terminated as part of the RIF.  Benteler gave each employee terminated as part of the RIF, including Payne, an opportunity to consult with HR representatives from other Benteler plants to discuss transferring.  But because Payne did not drive, he refused to entertain the possibility of working elsewhere.  Payne concedes that no one at Benteler ever spoke to him concerning his age, race, or national origin in the context of his termination.

In November 2018, Payne commenced this action alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2101, *et seq.*  Payne further alleged discrimination on the basis of his race and national origin in violation of the Civil Rights Act, 42 U.S.C. § 1981, and the ELCRA.

Benteler moved for summary judgment.  It argued Payne had failed to present evidence establishing a prima facie case of discrimination on the basis of age, race, or national origin.  It further argued that even if Payne had succeeded in proving a prima facie case, he failed to establish that Benteler's reason for terminating him was pretextual.  Payne offered in opposition to summary judgment an affidavit by his attorney, William Piper, analyzing data related to the terminated and retained employees in connection with the RIF.  His attorney calculated that the average age of the retained employees was 7.09 years younger than that of the terminated employees.  Regarding his race and national origin claim, his attorney compared the percent of Burmese employees terminated with the percent of non-Burmese employees terminated.

No. 21-1238, *Payne v. Benteler Auto. Corp.*

Benteler then filed a motion to strike the attorney's affidavit.  It argued that the attorney's analysis was inadmissible because (1) Piper was neither an expert witness nor had personal knowledge of the data analyzed therein, (2) the attorney-witness doctrine bars an attorney from being his client's witness in the same matter, and (3) the analysis contained in the affidavit did not comply with the Federal Rules of Evidence, *see* Fed. R. Evid. 1006.  Piper responded that the analysis contained in his affidavit was "4th grade math" that "[d]efense counsel, the court, and the jury" could do.

In a combined order, the district court granted Benteler's motion for summary judgment and dismissed Benteler's motion to strike as moot.  The court held that even assuming the affidavit was proper, Payne had not established a prima facie case of discrimination based on age, race, or national origin.  The court further held that even if his attorney's statistical evidence was sufficient for a prima facie case, Payne's comparator evidence failed to create a genuine question of whether Benteler's explanation for terminating Payne was pretextual.  Payne timely appealed.

## II.  ANALYSIS

### a.  Standard of Review

We review summary judgment rulings *de novo*.  *Est. of Romain v. City of Grosse Pointe Farms*, 935 F.3d 485, 490 (6th Cir. 2019).  Summary judgment is appropriate only where the movant has shown "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A "factual dispute is genuine if it is based on evidence that a reasonable jury could use to return a verdict for the nonmoving party."  *Est. of Romain*, 935 F.3d at 490 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  In evaluating a summary judgment motion, the court is not "to weigh the evidence and determine the truth of the matter" but rather must "determine whether there is a genuine issue for

- 4 -

No. 21-1238, *Payne v. Benteler Auto. Corp.*

trial." *Anderson,* 477 U.S. at 249.  The court must construe the evidence in the record and all inferences to be drawn from it in the light most favorable to the non-movant.  *Kraus v. Sobel Corrugated Containers, Inc.*, 915 F.2d 227, 229 (6th Cir. 1990).  Finally, "we may affirm on any grounds supported by the record, even if different from the grounds relied on by the district court." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 569 (6th Cir. 2001).

### b.  Age Discrimination

The ADEA and ELCRA both prohibit an employer from terminating or discriminating against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1); *see also* Mich. Comp. Laws § 37.2202(1)(a) ("An employer shall not . . . discharge, or otherwise discriminate against an individual with respect to employment . . . because of . . . age . . . .").  "ELCRA age-discrimination claims are analyzed under the same framework as [ADEA] discrimination claims." *Tilley v. Kalamazoo Cnty. Rd. Comm'n*, 777 F.3d 303, 307 (6th Cir. 2015).

A plaintiff may establish a claim of age discrimination through direct or circumstantial evidence.  *See Flowers v. WestRock Servs., Inc.*, 979 F.3d 1127, 1130 (6th Cir. 2020).  Evidence of discrimination is direct when, "if believed, [it] requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions. . . . Circumstantial evidence, on the other hand, is proof that does not on its face establish discriminatory animus but does allow a factfinder to draw a reasonable inference that discrimination occurred."  *Wexler v. White's Fine Furniture, Inc*., 317 F.3d 564, 570 (6th Cir. 2003) (en banc) (citations omitted).

When a plaintiff's claim of discrimination is based solely on circumstantial evidence, courts apply the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *Thompson v. Fresh Prods., LLC*, 985 F.3d 509, 522 (6th Cir. 2021).  Under this

- 5 -

No. 21-1238, *Payne v. Benteler Auto. Corp.*

framework, a plaintiff bears "the initial burden of establishing a prima facie case of discrimination." *Flowers*, 979 F.3d at 1130. If the plaintiff satisfies this initial burden, the employer then bears the burden of articulating some "legitimate, non-discriminatory reason" for the alleged discriminatory action. *Id*. Finally, if the employer can articulate some non-discriminatory reason, the burden shifts back to the plaintiff, who then must prove that the reason provided "was not the true reason for the employment decision," *id*., and instead the reason "was pretext designed to mask discrimination," *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 812 (6th Cir. 2011). Only the burden of production shifts; "[a]t all times, the ultimate burden of persuasion remains on the plaintiff to demonstrate that age was the 'but-for' cause of their employer's adverse action." *Id*.

We need not dwell on whether Payne has established a prima facie case of age discrimination because, even assuming he has, Payne has failed to demonstrate pretext. To establish pretext, a plaintiff must show the defendant's reason for termination "(1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." *Thompson*, 985 F.3d at 522 (citations omitted). Because Payne is choosing to rely on comparator evidence to make his case for pretext, he must present evidence showing that either: (1) he was the "plainly superior candidate," such that no reasonable employer would have retained other employees; or (2) he "was as qualified as if not better qualified" than the retained employees and the record contains "other probative evidence of discrimination." *Provenzano*, 663 F.3d at 815 (citation omitted). "If two reasonable decisionmakers could consider the candidates' qualifications and arrive at opposite conclusions as to who is more qualified, then clearly one candidate's qualifications are not significantly better than the other's." *Bender v. Hecht's Dep't Stores*, 455 F.3d 612, 628 (6th Cir. 2006).

- 6 -

No. 21-1238, *Payne v. Benteler Auto. Corp.*

The Sixth Circuit has created a high standard for satisfying the burden of proving a plaintiff is the plainly superior candidate.  For example, in *Bartlett v. Gates*, 421 F. App'x 485, 488–91. (6th Cir. 2010), which was a failure-to-hire case, the plaintiff challenged his employer's hiring of another candidate, Lucas, claiming plaintiff-Bartlett was the plainly superior candidate. We found that:

> Plaintiff had 24 years of experience as a contract administrator, compared to Lucas's eight years of experience.  In addition, Plaintiff possessed superior educational credentials, including a bachelor's degree and advanced course work in areas relevant to the job, whereas Lucas had not graduated from college.  Record evidence also suggests that Plaintiff's communication skills . . . were satisfactory if not superior to Lucas's own. . . . Plaintiff also had substantially more experience and familiarity in the area of contract negotiations, which was said to be a "critical function" of the position.

*Id*. at 491.  Despite these disparities, we "[found] that while Plaintiff may not have been a 'plainly superior candidate' . . . , Plaintiff was as qualified if not more qualified than Lucas."  *Id*.  Thus, to survive a motion for summary judgment on the basis of being "plainly superior," Payne must proffer a significant amount of evidence demonstrating his superior qualifications.  Simply being "more qualified" is not sufficient to prove that he is the plainly superior candidate.

Payne cannot be said to be the plainly superior employee.  He complains that no court has yet considered his comparator evidence on an individual-comparator basis.  But we need not trudge through numerous comparators to resolve this RIF case.  By his own admission, Payne was an average employee.  This characterization is consistent with his performance reviews.  At the same time, "[i]n a work force reduction case, unlike a hiring case, we can assume that all of the employees are qualified to perform their job since they were actually performing it at the time of their discharge."  *Barnes v. GenCorp Inc.*, 896 F.2d 1457, 1469 n.18 (6th Cir. 1990).  Therefore, Payne asks us to compare an "average employee" against fifteen qualified employees.  Under the

- 7 -

No. 21-1238, *Payne v. Benteler Auto. Corp.*

Sixth Circuit's standard, Payne simply has not proffered enough evidence to convince a reasonable jury he was the plainly superior employee.

Nor can Payne's case be saved by arguing that he was as qualified as the retained employees and that the record contains other probative evidence of discrimination. Even if we assume that Payne's comparator evidence proves he was as qualified as any of the fifteen employees against whom he compares himself, he has not proffered any "other probative evidence of [age] discrimination." *Bender*, 455 F.3d at 626–27. Besides the fifteen comparators, the only evidence Payne offers is the statistical evidence provided in his attorney's affidavit. This statistical evidence calculates the average age of the terminated employees (50.36 years old) and the averaged of the retained employees (43.27 years old). According to Payne, this 7.09-year difference suggests that he was terminated because of his age. While he is correct that the average age at Benteler decreased after the RIF, there is no evidence that Payne was "singled out" because of his age. *Thompson*, 985 F.3d at 522. In fact, he even admitted that no one at Benteler ever commented on his age, race, or national origin.

"[T]he law does not require employers to make perfect decisions, nor forbid them from making decisions that others may disagree with." *Browning v. Dep't of Army*, 436 F.3d 692, 698 (6th Cir. 2006) (quoting *Hartsel v. Keys*, 87 F.3d 795, 801 (6th Cir. 1996)). Viewing the record in a light most favorable to Payne, as we must, we find he has not proffered enough evidence to allow a reasonable jury to infer that Benteler's stated reason for terminating him had no basis in fact. Accordingly, the district court properly granted summary judgment on Payne's age discrimination claims.

No. 21-1238, *Payne v. Benteler Auto. Corp.*

### c. Reverse Race Discrimination

We turn, now, to Payne's claim of reverse race discrimination.  The Civil Rights Act, 42 U.S.C. § 1981, prohibits intentional race discrimination and provides a cause of action for race-based employment discrimination.  The ELCRA similarly prohibits "discriminat[ion] against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of . . . race."  Mich. Comp. Laws § 37.2202(1)(a).

Under federal and Michigan law, race discrimination, like age discrimination, may be established by introducing circumstantial evidence using the *McDonnell Douglas* burden-shifting approach.  *Romans v. Mich. Dep't of Hum. Servs.*, 668 F.3d 826, 835 (6th Cir. 2012); *Hazle v. Ford Motor Co.*, 628 N.W.2d 515, 520 (Mich. 2001).  Although the elements required to establish a prima facie case of reverse race discrimination are different under the Civil Rights Act[1] and the ELCRA[2], the pretext analysis is the same.  *Compare Zambetti v. Cuyahoga Cmty. Coll.*, 314 F.3d 249, 258 (6th Cir. 2002), with *Davis v. City of Detroit*, No. 351617, 2021 WL 1050170, at *6 (Mich. Ct. App. Mar. 18, 2021) (quoting *Debano-Griffin v. Lake Co.*, 828 N.W.2d 634 (Mich. 2013)).  Under both reverse discrimination pretext analyses, Payne bears the burden of proving Benteler's reason for terminating him "(1) had no basis in fact, (2) did not actually motivate defendant's conduct, or (3) was insufficient to warrant the challenged conduct."  *Zambetti*,

---

[1] *See Martinez v. Cracker Barrel Old Country Store, Inc.*, 703 F.3d 911, 915 (6th Cir. 2013) ("In our circuit, to satisfy the first element in a [reverse race dicrimination case], where a member of a racial majority is claiming discrimination in violation of federal law, the plaintiff must typically 'demonstrate background circumstances to support the suspicion that the defendant is that unusual employer who discriminates against the majority.'" (citation omitted))

[2] *See Lind v. City of Battle Creek*, 681 N.W.2d 334 (Mich. 2004) (holding that under Michigan's statute, a reverse discrimination claim does not require a showing of "background circumstances supporting the suspicion that the defendant is that unusual employer who discriminates against the majority.").

No. 21-1238, *Payne v. Benteler Auto. Corp.*

314 F.3d at 258.; *Davis*, 2021 WL 1050170, at *6.  For substantially the same reasons as his age discrimination claims, his race discrimination claims fail as well.

Assuming Payne has established a prima facie case of race discrimination under the federal and state frameworks, he has not proven pretext.  Payne acknowledges that his race discrimination claim is even weaker than his age discrimination claim, and the district court agreed.  Nevertheless, he argues that Benteler discriminated against white employees by "ha[ving] a clear preference for Burmese employees, and, therefore, a lack of preference for non Burmese employees." (Appellant's Br. 48.)  The only evidence Payne offers in support of his race discrimination claim is that Benteler terminated a higher percent of non-Burmese employees than Burmese employees, and that Benteler treated two Burmese employees more favorably than he was treated, even though he was "significantly better and plainly superior." (Appellant's Br. 49.)

This evidence is not sufficient to convince a reasonable juror that Benteler's reason for terminating Payne had no basis in fact.  His statistics (the percentage of Burmese employees terminated, and the percentage of non-Burmese employees terminated out of those considered for termination) suffer from the same shortcomings as those provided in support of his age discrimination claim, as he has failed to provide any actual analysis of the statistics' significance.[3] *See Thompson*, 985 F.3d at 527.  Additionally, Payne again relies on comparator evidence to argue that he was the plainly superior employee.  He alleges two Burmese employees were treated more favorably than him "despite their deficient performance."  (Appellant's Br. 49.)  The fact that two

---

[3] Payne seems to conflate being Burmese (a nationality) with being Asian (a race).  The statistics on which Payne also relies do not compare the percent of terminated Burmese employees against the percent of terminated American employees other than indicate that the percentages differ, nor do they compare the rate of terminated white employees against the percent of terminated Asian employees.

No. 21-1238, *Payne v. Benteler Auto. Corp.*

Burmese employees (out of 27) are alleged to have been treated better than Payne falls far short of the quantum of evidence necessary for Payne to be considered the plainly superior employee. Furthermore, even if we were to assume that he was as qualified as the comparators, he has not proffered any additional, probative evidence of pretext.  In sum, the only evidence Payne proffers is his attorney's calculation of the termination rates among Burmese and non-Burmese employees, and his subjective belief that he was treated worse than two Burmese employees.  This is insufficient.

### III.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

- 11 -

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 21-1238

DAVID PAYNE, an individual,

    Plaintiff - Appellant,

     v.

BENTELER AUTOMOTIVE CORPORATION,

    Defendant - Appellee.

> **FILED**
> May 25, 2022
> DEBORAH S. HUNT, Clerk

Before:  SUHRHEINRICH, MOORE, and CLAY, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.

THIS CAUSE was heard on the record from the district court and was argued by counsel.

IN CONSIDERATION THEREOF, it is ORDERED that the district court's grant of summary judgment in favor of Defendant is AFFIRMED.

**ENTERED BY ORDER OF THE COURT**

Deborah S. Hunt, Clerk